UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PLUG POWER INC.,

                              Plaintiff,                  1:21-cv-00946 (BKS/TWD)

v.

WORTHINGTON INDUSTRIES, INC., et al.,

                              Defendants.
_____

**Appearances:**

*For Plaintiff:*
George F. Carpinello
Jenna C. Smith
Boies, Schiller & Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207

*For Defendants:*
Kenneth L. Bostick, Jr
Goldberg Segalla, LLP
665 Main Street
Buffalo, NY 14203

Cathleen S. Huang
Bowles & Verna LLP
2121 N. California Blvd., Ste. 875
Walnut Creek, CA 94596

**Hon. Brenda K. Sannes, United States District Judge:**

### ORDER TO SHOW CAUSE

      Plaintiff Plug Power, Inc. filed this action alleging negligence, strict liability, breach of contract and other state law claims. (Dkt. Nos. 1, 12). Plaintiff asserts that this Court has subject-matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000

and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks omitted)).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). "[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction." *Durant*, 565 F.3d at 64 (citing Fed. R. Civ. P. 8(a)(1)).

In the Amended Complaint, Plaintiff asserts that the jurisdictional amount is met, and that the matter "is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state." (Dkt. No. 12, ¶ 12). According to the Amended Complaint, Plaintiff is a "Delaware corporation with its principal place of business in Latham, Albany County, New York." (*Id.* ¶ 6). Defendant Worthington Industries, Inc. ("Worthington Industries") is an "Ohio corporation with its principal place of business in Columbus, Ohio." (*Id.* ¶ 7). Defendant Worthington Cylinder Corp. ("Worthington Cylinder Corp.") is an "Ohio corporation with its principal place of business in Franklin County, Ohio, and is a wholly owned indirect subsidiary of Worthington Industries." (*Id.* ¶ 8). Lastly, Defendant Structural Composites Industries, LLC

("SCI") is a "limited liability corporation[1] with its principal place of business in Pomona, California," and "is or was at one time a wholly owned subsidiary of Worthington Industries." (*Id.* ¶ 9).

A corporation is considered a citizen of both the state "by which it has been incorporated" and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Since Plaintiff asserts that it is a Delaware Corporation with its principal place of business in New York, and that Defendants Worthington Industries and Worthington Cylinder Corp. are both Ohio corporations with their principal places of business in Ohio, (Dkt. No. 12, ¶¶ 6–8), Plaintiff has properly pled its own citizenship as well as the citizenship of Defendants Worthington Industries and Worthington Cylinder Corp. for the purposes of diversity jurisdiction.

However, "a limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership); *see, e.g. ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky"). The owner of a wholly-owned subsidiary "may or may not be a member—or the sole member" of its subsidiary. *Marks v. Wal-Mart Louisiana, LLC*, No. 16-cv-00419, 2016 WL 2654372, at *2, 2016 U.S. Dist. LEXIS 59774, at *4 (W.D. La. May 3, 2016). Thus, an allegation that a limited liability company is a "wholly-owned subsidiary" of a corporation, without additional

---

[1] The Court assumes that Plaintiff means "limited liability *company*," not "limited liability *corporation*."

allegations as to its membership, is insufficient to establish its citizenship. *See Traffas v. Biomet, Inc.*, No. 19-2115, 2020 WL 1467313, at *2, 2020 U.S. Dist. LEXIS 52375, at *5 (D. Kan. Mar. 26, 2020) (finding allegations that various LLCs are "wholly owned subsidiaries do not permit the court to conclude that plaintiff and defendants are diverse for purposes of subject matter jurisdiction"); *Advanced Techs. & Installation Corp. v. Nokia Siemens Networks US, LLC*, No. 09-cv-6233, 2011 WL 198033, at *3, 2011 U.S. Dist. LEXIS 5262, at *8 (D.N.J. Jan. 20, 2011) (finding that it was "legal error" to "conclud[e] that a wholly-owned subsidiary necessarily has only one member" when, under Delaware law, "a limited liability company may have members that are not owners."); *cf. Ragusa v. Rain Bird Corp.*, No. 14-cv-3772, 2014 WL 4277646, at *2, 2014 U.S. Dist. LEXIS 121284, at *5–6 (S.D.N.Y. Aug. 29, 2014) (finding allegations that an LLC was an "indirect wholly owned subsidiary" of several business entities, and that "[t]here are no individuals or other business entities that own or are members of the above entities," sufficient to allege complete diversity).

Plaintiff alleges that SCI "is or was at one time a wholly owned subsidiary of Worthington Industries," with no further allegations regarding its membership. (Dkt. No. 12, ¶ 9). This allegation is insufficient to establish SCI's citizenship, and that there is complete diversity of citizenship among the parties. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership").

Accordingly, it is

**ORDERED** that Plaintiff Plug Power, Inc. shall file a memorandum, not to exceed fifteen pages by February 16, 2022, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that if Plaintiff maintains that there is complete diversity between the parties, it shall submit supporting evidence, including affidavits, identifying the citizenship of each member of the limited liability company; and it is further

**ORDERED** that the Defendants may respond to Plaintiff's submission, with a memorandum not to exceed fifteen pages, on or before March 2, 2022.

**IT IS SO ORDERED.**

Dated: January 27, 2022
Syracuse, NY

Brenda K. Sannes
U.S. District Judge